THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-000208-MR-DLH

| | |
|---|---|
| DAVID OPPENHEIMER and ) <br> PERFORMANCE IMPRESSIONS, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BRIAN HOLT and ) <br> THREE OAKS GROUP, ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion for Default Judgment Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure [Doc. 13].

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiffs filed a Complaint on August 12, 2014 against the Defendants for copyright infringement. [Doc. 1]. The Plaintiff David Oppenheimer places his photographic work online for sale. [Doc. 1 at 3]. The Plaintiffs allege that the Defendants infringed the copyright of a photograph created by the Plaintiffs, "without Plaintiffs' knowledge or consent, and placed the photograph on at least one commercial internet web site operated by Defendants." [Doc. 1 at 1]. Further, the Plaintiffs allege that

the "Defendants' acts of infringement are willful, intentional, purposeful, in disregard of, and done with indifference to Plaintiffs' rights." [Doc. 1 at 4]. The Plaintiffs claim that the Defendants never had any permission to use the photograph, and claim that they demanded the Defendants to remove the photograph from their web site www.ashevillenative.com in July 2013. [Doc. 1 at 4]. They assert, however, that the "Defendants ignored the demand letter, and continued to display the Photograph for some unknown period of time." [Doc. 1 at 3-4]. Thus, the Plaintiffs seek damages under the federal Copyright Act, 17 U.S.C. § 101, et seq. [Doc. 1 at 1]. Particularly, the Plaintiffs seek "the maximum compensatory damages allowed by federal law, including pre-judgment and post-judgment interest," as well as "the Plaintiffs' costs and attorneys' fees, pursuant to 17 U.S.C. § 505." [Doc. 1 at 5]. On February 4, 2015, the Plaintiffs filed a Notice of Voluntary Dismissal without prejudice regarding Three Oaks Group. [Doc. 8]. Thus, this current action is only proceeding against Defendant Brian Holt.

The Plaintiffs served their Summons and Complaint on Defendant Brian Holt ("Defendant") on December 4, 2014, "[a]fter numerous attempts." [Doc. 13-1]. The Summons noted:

> Within 21 days after service of this summons on you . . . you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the

> Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney . . . If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

[Doc. 6 at 1]. The Defendant did not file an answer or appear in the prescribed 20-day time period. Further, the Defendant did not move for an extension of time or appear after the expiration of the statutory time period. Thus, on February 6, 2015, the Plaintiffs filed a Motion for Entry of Default against the Defendant, [Doc. 9], and the Clerk of Court entered default on that same day [Doc. 11]. The Plaintiffs then filed the present motion at issue, the Motion for Default Judgment Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. [Doc. 13]. The Plaintiffs are seeking statutory damages in the amount of $30,000.00, costs in the amount of $1,460.00, and attorneys' fees in the amount of $3,535.00. [Id.].

## II. DISCUSSION

"To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)." Hayhurst v. Liberty Int'l Underwriters, No. 5:08cv5347, 2009 U.S. Dist. LEXIS 5347, at *2 (N.D.W.Va. Jan. 29, 2009); see Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06cv264, 2006 U.S. Dist. LEXIS 41054, at * 14 (E.D. Va. June 20, 2006)

("The entry of default is a procedural prerequisite to the entry of a default judgment."). Rule 55(a) states that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed.R.Civ.P. 55(a). After the clerk enters default, the party may seek a default judgment under Rule 55(b)(1) or (2), depending on the nature of the relief sought. Rule 55(b) "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). By his default, the Defendant has admitted the Plaintiff's well-pleaded factual allegations in his Complaint. Ryan v. Homecomings Fin. Network, 253 F. 3d 778, 780 (4th Cir. 2001).

The Copyright Act provides that a plaintiff may seek statutory damages not less than $750 or more than $30,000 in an amount the Court deems just. See 17 U.S.C. § 504(c)(1). District courts hold "wide discretion" in setting the amount of statutory damages under the Copyright Act. 17 U.S.C. § 504(c). Although the Fourth Circuit has not specifically described how the statutory damages should be determined, the Second Circuit has provided guidance regarding factors to be considered, as follows:

(1) the infringer's state of mind;

4

(2) the expenses saved, and profits earned, by the infringer;
(3) the revenue lost by the copyright holder;
(4) the deterrent effect on the infringer and third parties;
(5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and
(6) the conduct and attitude of the parties.

Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010).

Here, the Plaintiffs seek the maximum statutory damage allowance of $30,000.00 under the Copyright Act. The Plaintiffs have alleged that the Defendant publicly displayed the Plaintiffs' photograph without any permission. [Doc. 1 at 3]. Further, the Plaintiffs have alleged that the Defendant ignored the demand letter on July 26, 2013 and continued to display the photograph "for some unknown period of time." [Id. at 4]. The Plaintiffs also alleged that the "Defendants' acts of infringement are willful, intentional, purposeful, in disregard of, and done with indifference to Plaintiffs' rights." [Id. at 4]. These allegations relate to the first and sixth factors of the infringer's state of mind and the conduct and attitude of the parties. These allegations, however, provide little help to the Court. Since the duration of the infringement was "an unknown period of time," it is impossible for the Court to determine whether this factor should weigh in favor of a higher or lower damage amount. As for the allegation of Defendant's "willful, intentional, purposeful" infringement, these are

5

conclusory allegations for which Plaintiffs have presented no support. It is only the "well pleaded" allegations that are deemed admitted. Therefore, this is likewise of no assistance in setting the amount of damages. The Plaintiffs have not provided evidence regarding the second and third factors of the expenses saved and profits earned by the infringer, or the revenue lost by the copyright holder. Further, the Plaintiffs have not indicated how the fourth factor applies here; that is, they have not delineated how statutory damages they seek would have a deterrent effect on the infringer and third parties. Finally, the fact that the Defendant did not respond to the Summons in this case may relevant to the fifth factor of the infringer's cooperation in providing evidence concerning the value of the infringing material. But such is the nature of default. The Plaintiffs' Complaint has set forth few details regarding the nature of the infringement in this case. The burden of proof as t damages is pm the Plaintiffs, and they have not persuaded the Court that the Defendant's conduct in this case warrants a statutory award greater than $750.00 in damages.

Further, the Copyright Act gives the Court discretion to award reasonable attorneys' fees and costs to the prevailing party. See 17 U.S.C. § 505. Here, the Plaintiffs claim that they incurred costs totaling $1,460.00 and attorneys' fees totaling $3,535.00. The Court finds that the amount of

the Plaintiffs' request for attorneys' fees and costs is reasonable in light of the time and expenses associated with prosecuting this claim. [Doc. 13-1].

The Court finds that in deciding this application for default judgment, including determining the amount of damages, there is no need for an evidentiary hearing. The Plaintiffs' uncontested pleadings provide a basis for a proper decision in this case.

## V. CONCLUSION

For the foregoing reasons, the Court will grant the Plaintiffs' Motion for Default Judgment Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. [Doc. 13].

**IT IS, THEREFORE ORDERED** that the Plaintiff's Motion for Default Judgment Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure is **GRANTED**, and that the Plaintiffs have and recover of the Defendant damages in the amount of **SEVEN HUNDRED FIFTY DOLLARS ($750.00)**, and attorneys' fees and costs in the amount of **FOUR THOUSAND, NINE HUNDRED NINETY-FIVE DOLLARS ($4,995.00)**.

**IT IS SO ORDERED.**

Signed: May 4, 2015

Martin Reidinger
United States District Judge